IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARLON L. WATFORD, ) | |
| #R15678, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-00941-MJR |
| ) | |
| THOMAS LaFOND, ) | |
| SARAH WOOLEY, ) | |
| KIMBERLY BUTLER, ) | |
| LYNETTE COLVIS, ) | |
| OFFICER SEVERS, ) | |
| SERGEANT BRADLEY, ) | |
| OFFICER ROSE, ) | |
| UNKNOWN PARTIES, ) | |
| and JOHN R. BALDWIN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Marlon Watford, an inmate who is currently incarcerated at Stateville Correctional Center ("Stateville"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against officials who allegedly violated his rights under federal and state law at Menard Correctional Center ("Menard") from 2014 until 2016. The complaint (Doc. 1) is now before the Court for preliminary review. Because it violates the pleading requirements set forth in the Federal Rules of Civil Procedure, the complaint shall be dismissed.

## The Complaint

Plaintiff's handwritten complaint totals 126 pages (Docs. 1, 1-1, and 1-2). In it, he names eight known defendants and six additional unknown defendants for numerous violations of his

rights under federal and state law at Menard. His statement of claim, alone, spans 58 pages and 112 paragraphs (Doc. 1, pp. 1-58).

The allegations set forth in the statement of claim take the form of a narrative and are loosely organized into five separate "claims." The organization of these claims is misleading, to say the least. For one thing, Plaintiff fails to identify "Claim I" at all. He devotes the first 13 pages of his statement of claim to a discussion of the prison-issued bars of soap, which he maintains are too small to adequately clean his body. Presumably, Plaintiff intends this section to represent his first claim. In light of the fact that he invokes the First Amendment, Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq*., Eighth Amendment, and Fourteenth Amendment in this section, however, it appears that Claim I encompasses four or more distinct claims against various defendants.

Plaintiff organizes the remainder of his statement of claim into four additional sections, entitled "Claim II," "Claim III," "Claim IV," and "Claim V." Here again, each "claim" encompasses numerous additional claims against different groups of defendants. The factual allegations are far less focused. They describe instances of alleged misconduct by the defendants that occurred at different times and are miscellaneous in nature. For example, Plaintiff complains about the denial of hygiene supplies, denial of a religious diet, deprivation of personal property while on a court writ, mishandling of his grievances, excessive prison lockdowns, denial of access to e-filing, prison's photocopying policy, and interference with his mail (*i.e.*, a claim he refers to as "Operation Spygate"). Plaintiff then states that he "re-developed H. Pylori" (and scar tissue), chronic stomach inflammation, irritable bowel syndrome, and mental and emotional distress as a result. He also asserts claims against the defendants for financial,

religious, and social oppression. Plaintiff seeks millions in monetary damages and injunctive relief.[1]

## Discussion

The length of Plaintiff's complaint is a problem; its lack of organization and unintelligibility are fatal. Like so many *pro se* litigants, Plaintiff mistakes quantity for quality. When it comes to preparing a complaint, however, the Court must emphasize that *less is more*.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and also "a demand for the relief sought." FED. R. CIV. P. 8(a). Rule 8(d) requires that each allegation within the complaint "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The purpose of these rules is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). These rules "require[ ] parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). The 126-page, 112-paragraph complaint, which includes an unknown number of claims, clearly violates Rule 8.

While length alone does not typically warrant dismissal of a complaint, unintelligibility and a lack of organization do. *Stanard*, 658 F.3d a 797-98; *Garst*, 328 F.3d at 378. The two problems are often intertwined because "[l]ength may make a complaint unintelligible[ ] by scattering and concealing in a morass of irrelevancies the few allegations that matter."

---

[1] His claims for injunctive relief are numerous and are specific to Menard. However, Plaintiff is no longer incarcerated there, so this request for relief is considered moot. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004).

*Garst*, 328 F.3d at 378. This is the problem with Plaintiff's complaint. *Stanard*, 658 F.3d at 798. He has buried potentially viable claims in a sea of irrelevancies. The Court will not waste its scarce judicial resources searching this "bucket of mud" for a colorable claim. *Id*.

In a veritable stream of consciousness, Plaintiff complains about many aspects of prison life at Menard. He does not focus on a single event or a group of related events. He does not assert a single claim or group of related claims against the same defendants. Instead, Plaintiff lists each complaint, disagreement, or, for that matter, inconvenience that arose over the course of two years at Menard. He then claims that each act of alleged misconduct by the defendants caused him to suffer from health problems, religious oppression, financial oppression, and social oppression. The connection between the defendants' alleged misconduct and Plaintiff's constitutional claims is often so weak that the Court is left to guess how it is even remotely possible that one caused the other.

This is not the first complaint that Plaintiff has ever drafted. He is an experienced litigant. He has prepared and filed numerous complaints, like the one under review. In fact, Plaintiff has found himself subject to this same criticism by this, and other, federal district courts. *See Watford v. Natasha Doe, et al.*, No. 15 C 9540 (N.D. Ill. May 16, 2016) (Doc. 18) (finding that Plaintiff's 185-page "amended complaint suffers from the same defects [as] the previous complaint . . . , namely that it is so jam-packed full of details that the Court cannot discern whether the allegations state a claim"). *See also Watford v. Officer Ellis*, No. 15-cv-00567-MJR-SCW (S.D. Ill. Dec. 1, 2015) (noting Rule 8 problems with Plaintiff's amended complaint); *Watford v. Quinn*, No. 14-cv-00571-MJR (S.D. Ill. July 8, 2014) (noting that Plaintiff's complaint was both "unintelligible and disorganized").

Beyond the Rule 8 violations, Plaintiff's complaint also appears to violate the rules of joinder. *See* FED. R. CIV. P. 20. Rule 20 permits multiple defendants to be joined in a single action if: "(A) [a]ny right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) [a]ny question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2)(A)-(B). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605-607 (7th Cir. 2007). Unrelated claims against different defendants belong in separate lawsuits "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits, "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George*, 507 F.3d at 607. Under such circumstances, the Court is authorized to sever "discrete and separate" claims into one or more additional cases and assess a filing fee in each. *Rice v. Sunrise Express*, 209 F.3d 1008, 1016 (7th Cir. 2000); *George*, 507 F.3d at 607.

Plaintiff's complaint does not survive preliminary review because it violates Rule 8. For this reason, it shall be dismissed. However, the dismissal will be without prejudice, and Plaintiff will have an opportunity to file an amended complaint that focuses on a single claim or a single set of related claims against the defendants. If he chooses to file an amended complaint, Plaintiff must follow the instructions and deadline for doing so in the below disposition or face dismissal of this action. *See* FED. R. CIV. P. 41(b).

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED** without prejudice for noncompliance with Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" within twenty-eight days **(on or before November 30, 2016)**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed. *See* FED. R. CIV. P. 41(b). *See also Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Further, the dismissal may count as one of Plaintiff's allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for such use in this District. He should label the form, "First Amended Complaint," and he should use the case number for *this* action, *i.e.*, No. 16-cv-00941-MJR. The First Amended Complaint shall focus on a single claim or set of *related* claims against the defendant(s). Plaintiff shall present each distinct claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. In other words, Plaintiff must explain who did what to violate his federal rights. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. He should also make every effort to prepare a short complaint. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the amended pleading. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 1, 2016**

s/ MICHAEL J. REAGAN
**U.S. District Judge**
