IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARLON L. WATFORD, #R-15678, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 16-cv-00941-MJR |
| THOMAS LaFOND, SARAH WOOLEY, KIMBERLY BUTLER, LYNETTE COLVIS, OFFICER SEVERS, SERGEANT BRADLEY, OFFICER ROSE, JOHN R. BALDWIN, and UNKNOWN PARTIES, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Proceeding *pro se*, Plaintiff Marlon Watford filed the instant civil rights action pursuant to 42 U.S.C. § 1983 on August 24, 2016. (Doc. 1). In the Complaint, Plaintiff set forth numerous unrelated federal and state law claims against officers at Menard Correctional Center ("Menard"). (Doc. 1). On November 2, 2016, the Court dismissed the Complaint for violating the Federal Rules of Civil Procedure. (Doc. 8). The dismissal was without prejudice, and Plaintiff was granted leave to file a First Amended Complaint on or before November 30, 2016. (Doc. 8, p. 6).

A day before the deadline, Plaintiff filed a Motion for Extension of Time to File First Amended Complaint. (Doc. 11). He requested an additional 150 days to prepare the amended complaint. *Id*. The Court granted Plaintiff an additional 30 days, after explaining that this

1

matter would not be allowed to linger indefinitely. (Doc. 12). Under the extended deadline, the First Amended Complaint was due on or before December 30, 2016. *Id*.

On December 23, 2016, Plaintiff filed a "Motion to Object, Motion to Spread the Record, and Motion for Reconsideration." (Doc. 13). The motion included requests for reconsideration of the Order Dismissing Complaint (Doc. 8), the (non-existent) decision to deny Plaintiff counsel, and the decision to grant Plaintiff a 30-day extension of the deadline for filing an amended complaint (Doc. 12). The Court found no reason to grant the motion for reconsideration of its Order Dismissing Complaint (Doc. 8), and Plaintiff offered none. (Doc. 14). The Court also pointed out that Plaintiff did not actually request assistance in recruiting counsel, and the Court therefore did not deny his request. *Id*. At the same time, the Clerk was directed to provide Plaintiff with a form for use in making this request. *Id*. In addition, the Court granted Plaintiff's second request for an extension of the deadline to file his amended complaint. *Id*. Under the second extended deadline, the First Amended Complaint was due on or before January 30, 2017. *Id*.

On December 29, 2016, Plaintiff filed yet another Motion for Extension of Time to Amend Complaint. (Doc. 15). He did not request the Court's assistance in recruiting counsel on his behalf. In fact, Plaintiff indicated that he intended to prepare his own amended complaint. Plaintiff again requested an additional 150 days to do so. (Doc. 15, p. 4). Because it appeared that Plaintiff filed this request before receiving the Court's order granting his second motion for extension, the Court denied it as moot. (Doc. 16). The deadline for filing the First Amended Complaint remained January 30, 2017. *Id*.

Plaintiff missed the deadline for filing his First Amended Complaint on January 30, 2017. He failed to request an extension of this deadline. More than a week has passed since the First

Amended Complaint was due under the second extended deadline. The Court has already allowed Plaintiff 3 months to file his First Amended Complaint and will not allow this matter to continue lingering.

Accordingly, this action shall be dismissed with prejudice based on Plaintiff's failure to comply with three Orders of this Court (Docs. 8, 14, 16) and his failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). However, the dismissal will <u>not</u> count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

### Pending Motions

**1.     Motion for Recruitment of Counsel (Doc. 17)**

Plaintiff filed a Motion for Recruitment of Counsel for the first time on January 27, 2017. (Doc. 17). Although he was provided with this Court's standard form motion pursuant to the Order dated December 27, 2016 (Doc. 14), he chose to file a handwritten motion instead. (Doc. 17). Plaintiff cites the following reasons for his request: (1) his unsuccessful attempts to secure counsel on his own; (2) his appointment of counsel in other cases; and (3) the complexity of his constitutional claims in this case. *Id*.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). *But see Ray v. Wexford Health Sources, Inc*., 706 F.3d 864, 866–67 (7th Cir. 2013) (district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant). When a *pro se* litigant submits a request for assistance of counsel, the Court considers whether the indigent plaintiff has made reasonable attempts to secure counsel on his own and, if so, whether the factual and legal difficulty of the case exceeds the plaintiff's capacity

to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Pruitt*, 503 F.3d at 655.

As an initial matter, Plaintiff has not demonstrated sufficient efforts to secure representation in this case. Plaintiff asserts that he sent 30 letters to attorneys seeking representation and received written responses from only 3 prior to commencing this action. Plaintiff attached the 3 responses to his motion. None of them refer to this case. They are dated March or May 2016, long before he filed this action in late August. (Doc. 17, pp. 9-11). At the time, Plaintiff was proceeding *pro se* in at least one other matter and was also in the process of preparing an amended complaint for filing in that case. *See Watford v. Doe, et al.*, Case No. 15-cv-09540 (N.D. Ill. 2015). He failed to provide the Court with copies of his 30 letters requesting representation. Counsel was ultimately recruited on his behalf in the prior case during the same time period. This was 9 months before he filed his motion for recruitment of counsel in this case. Under the circumstances, the Court cannot determine whether Plaintiff attempted to retain counsel in this case or another pending matter.

Moreover, the Court cannot assess Plaintiff's ability to competently litigate this matter on his own because Plaintiff omitted information from his handwritten motion that is relevant to the Court's analysis. *Id*. In his handwritten motion, Plaintiff offers no information regarding his level of education, language difficulties, medical issues, and mental health issues. In addition, the Court cannot assess the complexity of the case because Plaintiff's original Complaint does not focus on a single set of related claims. It refers to numerous, unrelated claims against different defendants. The Court cannot determine which of these claims Plaintiff intends to

pursue going forward and whether he possesses the skills necessary to represent himself. Without this information, the Court cannot fully analyze the difficulty of Plaintiff's case or his ability to proceed *pro se*. Under the circumstances, the Motion for Recruitment of Counsel (Doc. 17) shall be **DENIED**.

**2.     Motion for Substitution of Judge (Doc. 18)**

Plaintiff filed a Motion for Substitution of Judge. (Doc. 18). There, he claims that the undersigned Judge is biased against him. *Id*. Rather than holding him to the less stringent pleading standards that are generally applicable to *pro se* prisoner litigants, Plaintiff contends that the Court held him to a higher standard than attorneys by failing to grant his numerous requests for a 150-day extension of the deadline for filing his amended complaint. *Id*. He also claims that the Court discriminated against him based on the size of his handwriting, which he maintains is 7 times larger than the average person's. *Id*. According to Plaintiff, the Complaint should not have been dismissed under Rule 8 based on its length. *Id*. Plaintiff further alleges that he may name the undersigned judge as a defendant in this action, if necessary to compel his disqualification. *Id*. He has not done so to date. *Id*.

Plaintiff invokes 28 U.S.C. § 144 and 28 U.S.C. § 455(b)(1) in support of his request for substitution of judges. Section 144 requires a party to present "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party." 28 U.S.C. § 144. Section 455(a) requires a federal judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." *Matter of Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998). Section 455(b)(1) provides that disqualification is also warranted where the judge has a personal bias concerning a party. 28 U.S.C. § 455(b)(1). The applicable standard is "whether the judge's impartiality could be

questioned by a reasonable, well-informed observer." *Id*. This standard is an objective one. *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996).

The thrust of Plaintiff's argument is that the Court based its decision to dismiss his original Complaint on its length. Review of the Order Dismissing Complaint (Doc. 8) directly contradicts this assertion. There, the Court noted that the Complaint was long, but the length of the Complaint was *not* fatal: "The length of Plaintiff's complaint is a problem; **its lack of organization and unintelligibility are fatal**." (*See* Doc. 8, p. 3) (emphasis added). The unintelligibility of Plaintiff's Complaint, not its length, drove the Court's decision to dismiss it. Plaintiff's claim of discrimination based on the size of his handwriting is unfounded.

Plaintiff's argument that the Court demonstrated bias against him by refusing to grant his request for a 150-day extension of the deadline for amending his Complaint is equally unpersuasive. The Court made it clear that a 150-day extension was too long the first time Plaintiff requested the extension. The Court explained that it would not allow this matter to linger indefinitely. Nevertheless, Plaintiff was granted two extensions (30 days each) to file his First Amended Complaint. He did not renew his request for an extension beyond January 30, 2017. Even so, Plaintiff had almost 3 months to prepare and file his amended complaint.

In essence, Plaintiff appears to object to the Court's decision to dismiss his Complaint. *See Gleason v. Welborn*, 42 F.3d 1107, 1112 (7th Cir. 1994) (adverse decision provides inadequate evidence of bias where the decision is supported by facts and law). Upon review, the Court finds that its decision was supported by the facts and applicable law. Standing alone, an adverse decision does not amount to bias that warrants disqualification of the judge. Plaintiff offers no other grounds warranting disqualification at this time. Accordingly, the Motion for Substitution of Judge (Doc. 18) shall be **DENIED**.

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with this Court's Orders dated November 2, 2016 (Doc. 8), December 27, 2016 (Doc. 14), and January 4, 2017 (Doc. 16).  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall <u>not</u> count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that all pending motions, including the Motion for Recruitment of Counsel (Doc. 17) and Motion for Substitution of Judge (Doc. 18), are **DENIED**.

**IT IS ALSO ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: February 7, 2017**

s/ MICHAEL J. REAGAN
**Chief Judge**
**United States District Judge**
